UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH DORAZIO, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:14-cv-00183-GZS ) ) |
| STATE OF MAINE, et al., | ) ) |
| Respondents | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 MOTION**

In this action, Petitioner Joseph Dorazio seeks relief pursuant to 28 U.S.C. § 2254. In particular, Petitioner contends that he received ineffective assistance of counsel during a state court hearing at which he (1) admitted a probation violation, and (2) pled guilty to burglary of a motor vehicle. (Petition, ECF No. 1 at 7.) He alleges that his counsel did not, despite his request, seek a mental health examination to assess a possible defense of diminished capacity. (*Id.*) Petitioner also asserts that his communication with his counsel had broken down. (*Id.*) As explained below, the recommendation is that the Court deny Petitioner's request for relief and dismiss the petition.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In October 2012, Petitioner was charged by criminal complaint with gross sexual assault, in violation of 17-A M.R.S. § 253(1)(A) (Class A), and unlawful sexual contact, in violation of 17-A M.R.S. § 255-A(1)(P) (Class B). (Docket Sheet, ECF No. 10-1 at 1, 3.) In March 2013, he was indicted on those charges and an additional charge of domestic violence assault, in violation of 17-A M.R.S. § 207-A(1)(A) (Class D). (*Id.* at 1, 2.) The State subsequently amended the charge of unlawful sexual contact from Class B to Class C, a violation of 17-A M.R.S. § 255-A(1)(O).

Petitioner pled guilty to the Class C offense, and the State dismissed the other two charges. Upon Petitioner's plea, the state court convicted Petitioner and sentenced him to a period of incarceration of three years and six months, with all but nine months suspended, followed by four years of probation. (*Id.* at 3.)[1] As a condition of his probation, Petitioner was required to refrain from criminal conduct. (*Id.*) Petitioner did not appeal the conviction or seek leave to appeal the sentence.

In December 2013, the State, alleging that Petitioner burglarized a motor vehicle, filed a motion to revoke Petitioner's probation. (*Id.* at 5; Motion for Probation Revocation, ECF No. 10-2 at 1.) The State also filed a new criminal charge of burglary of a motor vehicle. Prior to the probation revocation hearing in January 2014, Petitioner had been arraigned on the new charge. (Probation Revocation Hearing Tr., ECF No. 10-3 at 3.)

At the hearing, where he was represented by counsel, Petitioner admitted the probation violation and pled guilty to the burglary charge. (*Id.* at 4-5.)[2] The state court sentenced Petitioner to serve 24 months of the previously suspended term of imprisonment on the unlawful sexual contact charge, and six months on the new charge, with the sentences to be served concurrently. (*Id.* at 7.)

During the plea hearing, Petitioner's counsel represented that Petitioner had a mental health history and had a guardian. (*Id.* at 5.) Counsel also informed the court that he had discussed the mental health issue with Petitioner, advised Petitioner that if he requested a mental health examination, the court would likely grant the request; however, Petitioner wanted to proceed with

---

[1] *State of Maine v. Dorazio*, PENCD-CR-2012-04071 (Me. Crim. Docket, Pen. Cnty., July 8, 2013). (State Court Record, ECF No. 10-1 at 1, 3.)

[2] Petitioner was convicted of burglary of a motor vehicle in violation of 17-A M.R.S. § 405(1)(A) (Class D). *State of Maine v. Dorazio*, PENCD-CR-2013-04728 (Me. Crim. Docket, Pen. Cnty., Jan. 6, 2014). (Supplemental State Court Record, ECF No. 12-1 at 2.)

the plea. (*Id.* at 5-6.) Counsel told the court that he believed Petitioner was competent to proceed and did not need a competency hearing. (*Id.* at 6.)[3] Petitioner did not object to, nor attempt to modify or clarify, any of counsel's representations to the court. The court asked Petitioner a question relating to a fine, but did not discuss the matter of Petitioner's competence further with either Petitioner or counsel. (*Id.*)

Petitioner did not appeal the burglary conviction. (Supplemental State Court Record, ECF No. 12-1 at 3.) In addition, Petitioner did not seek leave to appeal, pursuant to 17-A M.R.S. § 1207(2) and M.R. App. P. 19, the probation revocation.

---

[3] After Petitioner admitted the probation violation and pled guilty to burglary of a motor vehicle, counsel asked to address the court about the circumstances:

> [COUNSEL]: I only recently met [Petitioner]; in fact, I met him for the first time today. He'd been appointed before I went on vacation. And I was surprised that [Petitioner] had a mental health history of some significance. He has a guardian. And I went into my interview with him eyes wide open to that issue wondering if it was a wise idea to see the Court today.
>
> My assessment of the case was that 24 months was more than a fair offer overall. And I stressed to [Petitioner] that, for all of the reasons the Court might imagine, I could probably be successful in requesting the Court's offer for his evaluations.
>
> So during the course of that discussion, [Petitioner] made an independent decision that he wanted to keep going. And I made an assessment that he was competent to proceed.
>
> THE COURT: You didn't notice anything in discussing the case with him and going over the issues that would indicate that he might need a competency hearing?
>
> [COUNSEL]: Correct.
>
> (Pause)
>
> (Court and clerk confer)
>
> THE COURT: He owes $20 dollars in victim's compensation fund fees. You have to pay. We'll give you a date in a couple of years, unless you – you don't have any access to money right now, do you?
>
> THE DEFENDANT: No.

(Probation Revocation Hearing Tr., ECF No. 10-3 at 5-6.)

Pursuant to 28 U.S.C. §2254, Petitioner filed the pending petition in this Court in April 2014. (ECF No. 1.) The Court ordered the State to answer, and the State filed the state court record and its answer in June 2014, in which answer, the State requested summary dismissal of the petition. In support of its request for dismissal, the State cited Petitioner's failure to exhaust the available state court remedies as to the probation violation, and it argued that Petitioner's claim of ineffective assistance of counsel in a probation revocation proceeding is insufficient to constitute cause for a procedural default. (State Court Record, ECF No. 10; Answer, ECF No. 9.) Interpreting the pending section 2254 petition to challenge both the probation violation and the burglary conviction, the Court, in October 2014, ordered the State to supplement its answer and the state court record to address the burglary conviction. (Order, ECF No. 11.) The State supplemented its answer, and Petitioner filed his reply to the submission. (Supplemental Answer, ECF No. 12; Supplemental State Court Record, ECF No. 12-1; Reply, ECF No. 13.)

Based on the record before this Court, it appears that the time within which Petitioner could file a state court post-conviction petition challenging the burglary conviction has not yet expired.[4]

---

[4] Title 15 M.R.S. § 2128-B(1) states in pertinent part:

> Filing deadline for direct impediment. A one-year period of limitation applies to initiating a petition for post-conviction review seeking relief from a criminal judgment under section 2124, subsection 1 . . . . The limitation period runs from the latest of the following:
>
> A. The date of final disposition of the direct appeal from the underlying criminal judgment or the expiration of the time for seeking the appeal;
>
> B. The date on which the constitutional right, state or federal, asserted was initially recognized by the Law Court or the Supreme Court of the United States if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review; or
>
> C. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner thus has not exhausted his state court remedies, pursuant to section 2254(b)(1)(A).[5] Petitioner's challenge to the probation revocation, however, is not an unexhausted claim.

## II. DISCUSSION

### A. This Mixed Petition May Be Decided on the Merits

The pending section 2254 petition is "mixed" in that it contains both unexhausted and technically exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005) ("We confront here the problem of a "mixed" petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not.") Because Petitioner did not seek discretionary state court review of his probation revocation,[6] Petitioner's claim of ineffective assistance of counsel in the probation revocation proceeding is considered exhausted, but procedurally defaulted. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that "if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted" but "procedurally defaulted").[7] As explained above, Petitioner's claim of ineffective assistance of counsel with respect to the plea on the burglary

---

[5] Title 28 U.S.C. § 2254(b)(1) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

[6] 17-A M.R.S. § 1207(2) and M.R. App. P. 19 govern the discretionary appellate review of probation revocations.

[7] Procedural default is a judicial doctrine "related to the statutory requirement that a habeas petitioner must exhaust any available state court remedies before bringing a federal petition." *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013) (citing 28 U.S.C. §2254(b), (c)).

5

charge is unexhausted because Petitioner's time for filing a state court post-conviction petition has not yet run.

When a mixed petition is presented, section 2254 provides that the court may deny the petition on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). In appropriate circumstances, the district court may "give the petitioner an opportunity to dismiss the unexhausted claims" or it may "stay the mixed petition and hold it in abeyance while the petitioner exhausts the unexhausted claims, then lift the stay and adjudicate the petition once all claims are exhausted." *DeLong v. Dickhaut*, 715 F.3d 382, 387 (1st Cir. 2013). However, it is "an abuse of discretion for the district court to grant a stay when the 'unexhausted claims are plainly meritless.'" *Id.* (quoting *Rhines*, 544 U.S. at 277) (vacating and remanding the case because it was unclear whether the district court had evaluated the unexhausted claims).

**B. The Unexhausted Claim Regarding the Plea Clearly Lacks Merit**

A defendant has the right to counsel at a plea hearing. "The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a 'critical stage' at which the right to counsel adheres." *Iowa v. Tovar*, 541 U.S. 77, 81 (2004). To succeed on a claim of ineffective assistance of counsel, a petitioner "must establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). The Court need not "address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

6

*Strickland*, 466 U.S. at 697. To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. As an alternative to a showing of cause and prejudice, a petitioner may demonstrate that review is "necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). When a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail," and the Court need not determine whether the petitioner has demonstrated "'cause and actual prejudice.'" *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (quoting *United States v. Frady*, 456 U.S. 152, 167 (1982)).

Petitioner's argument is essentially that counsel's failure to request a mental health evaluation for diminished capacity resulted in a finding of competence that either "(1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner's underlying argument about the state court's assessment of his competence to plead guilty fails, whether it is viewed as a law-based challenge under section 2254(d)(1), or a fact-based challenge under section 2254(d)(2).

To assess Petitioner's law-based challenge pursuant to section 2254(d)(1), this Court looks to whether the Supreme Court has articulated a clearly-established test for competence to enter a guilty plea. The Supreme Court has held that the test for competence to plead guilty is no different

7

from the test of competence to stand trial. *Godinez v. Moran*, 509 U.S. 389, 391 (1993) ("This case presents the question whether the competency standard for pleading guilty or waiving the right to counsel is higher than the competency standard for standing trial. We hold that it is not.") The test is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding−and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam).

In this case, counsel advised the court that Petitioner had mental health issues and had a guardian, he informed the court that he had discussed with Petitioner the possibility of securing a mental health evaluation, and he advised the court that he was satisfied that Petitioner was competent to proceed and that Petitioner wished to proceed without an evaluation. Upon the court's inquiry, counsel also informed the court that he had observed nothing in his interaction with Petitioner to suggest that a competency hearing was necessary.

Although the court did not ask Petitioner directly about the mental health issue, the court did question Petitioner about his ability to pay an assessment that was required upon his conviction. Petitioner's response to the question about the assessment, and his response when the court asked for his plea to the charge contributed to the information available to the court about Petitioner's mental condition, particularly as to his rational and factual understanding of the proceedings. *See id.* The state court's test for determining competence did not involve an unreasonable application of the requirements set forth in *Dusky*. *See id.* Accordingly, Petitioner's law-based claim, pursuant to section 2254(d)(1), fails on the merits.

To the extent that Petitioner raises a fact-based challenge, he has a high burden to rebut the finding that he was competent to enter the plea. The state court's finding of competence is presumed to be correct, pursuant to section 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

*See Yeboah-Sefah v. Ficco*, 556 F.3d 53, 66 (1st Cir. 2009) ("The state court's factual finding[s] are 'presumed to be correct' unless the petitioner rebuts this 'presumption of correctness' with 'clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)). A federal court's "deference" to the statutory presumption of correctness "extends not only to express findings of fact, but to the implicit findings of the state court." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006); *see also Campbell v. Vaughn*, 209 F.3d 280, 289 (3d Cir. 2000) ("In interpreting [28 U.S.C. § 2254(e)(1)], the Supreme Court has held that an implicit finding of fact is tantamount to an express one, such that deference is due to either determination.") (citing *Parke v. Raley*, 506 U.S. 20, 35 (1992); *Marshall v. Lonberger*, 459 U.S. 422, 432-33 (1983); *LaVallee v. Delle Rose*, 410 U.S. 690, 692 (1973) (per curiam)). The state court's implicit finding that Petitioner was competent to enter a plea was not unreasonable and, therefore, Petitioner's fact-based claim, pursuant to section 2254(d)(2), fails on the merits.[8]

### C. The Exhausted Claim Regarding the Probation Revocation Clearly Lacks Merit

Petitioner's claim of ineffective assistance of counsel with respect to the probation revocation is technically exhausted but procedurally defaulted because he did not seek review of

---

[8] Because Petitioner's claim fails on the merits, the Court need not address the merit of Petitioner's specific challenges to his counsel's performance regarding the mental health issue. *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002).

9

the revocation pursuant to 17-A M.R.S. § 1207 and M.R. App. P. 19.[9] Ineffective assistance of counsel is a recognized basis for overcoming a procedural default. *See Coleman*, 501 U.S. at 752-54.

One cannot assume, however, that Petitioner has a federal constitutional right to counsel in the circumstances. Where a party does not have a constitutional right to counsel, the party cannot successfully assert a claim of ineffective assistance of counsel. *See id.* at 752 (holding that "[t]here is no constitutional right to an attorney in state post-conviction proceedings," and "[c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings") (citing, *inter alia*, *Wainwright v. Torna*, 455 U.S. 586 (1982)).

In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Supreme Court held that although a petitioner has a due process right to a hearing when the government seeks to revoke probation, the petitioner does not necessarily have a right to counsel. *Id.* at 781-82, 790. The right to counsel in a probation revocation proceeding is determined on a case-by-case basis. *Id.* at 790. "Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness−the touchstone of due process−will require that the State provide at its expense counsel for indigent probationers or parolees." *Id.*[10] The Court held that the petitioner was deprived of

---

[9] If "there is an absence of available State corrective process," pursuant to 28 U.S.C. § 2254(b)(1)(B)(i), federal habeas review may be granted. For purposes of this recommended decision, it is assumed that the corrective process in the Maine state court for claims of ineffective assistance of counsel in probation revocation hearings, is through an application for discretionary review pursuant to 17-A M.R.S. § 1207(2) and M.R. App. P. 19. *See State v. West*, 2000 ME 133 ¶ 2 n.3, 755 A.2d 517.

[10] The State provides a limited state statutory right to counsel during a probation revocation hearing. *See* 17-A M.R.S. § 1206. Title 17-A M.R.S. § 1206(4) provides that in such a hearing, "the person on probation must be afforded the opportunity to confront and cross-examine witnesses against the person, to present evidence on that person's own behalf and to be represented by counsel. If the person on probation can not afford counsel, the court shall appoint counsel for the person." However, the limited state statutory right to counsel in probation hearings does not alter the Supreme Court's holding in *Gagnon* that a petitioner does not have a right to counsel in all probation revocation proceedings. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *see also Alabama v. Shelton*, 535 U.S. 654, 668

due process when he did not receive a hearing before his probation was revoked, and the Court remanded the case for the district court to determine whether the petitioner had a right to counsel. *Id.* at 791. The Court noted that the petitioner's "admission to having committed another serious crime creates the very sort of situation in which counsel need not ordinarily be provided," but because the petitioner had alleged that he made the admission under duress and it was false, the matter should be reexamined. *Id.* at 780, 791.

This Court need not decide whether Petitioner had a constitutional right to counsel in the probation revocation proceeding. Petitioner's claim of ineffective assistance of counsel relates to the same mental health issue that Petitioner raised in his challenge to his plea to the burglary charge. Even assuming, therefore, that Petitioner had a constitutional right to counsel on the probation matter, Petitioner's claim of ineffective assistance of counsel fails for the same reason the argument was unsuccessful on his challenge to his conviction on the burglary charge. That is, the state court's implicit finding that Petitioner was competent to proceed, which finding was made after an appropriate colloquy with Petitioner's counsel, was not unreasonable.[11]

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. The recommendation is (a) that the Court dismiss

---

(2002) ("Most jurisdictions already provide a state-law right to appointed counsel more generous than that afforded by the Federal Constitution.")

[11] It does not appear that the Supreme Court has articulated a clearly-established test for competence to admit to a probation violation. However, nothing in the Court's reasoning in *Godinez v. Moran*, 509 U.S. 389 (1993), suggests that the test would be different from or stricter than the test for competence to enter a guilty plea. *Id.* at 399 ("If the [*Dusky v. United States*, 362 U.S. 402 (1960 (per curiam)] standard is adequate for defendants who plead not guilty, it is necessarily adequate for those who plead guilty."); *see also Shelton*, 535 U.S. at 664 ("distinguishing 'the right of an accused to counsel in a criminal prosecution' from 'the more limited due process right of one who is a probationer or parolee only because he had been convicted of a crime'") (quoting *Gagnon*, 411 U.S. at 789). As with Petitioner's claim of ineffective assistance of counsel in connection with his plea to the burglary charge, because Petitioner's claim fails on the merits, the Court need not address the merit of Petitioner's specific challenges to his counsel's performance regarding the mental health issue. *See Tse*, 290 F.3d at 465.

Petitioner's petition for habeas relief under 28 U.S.C. section 2254, and (b) that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of November, 2014.